Good afternoon and may it please the court. I'm Stanard Dawson and I represent the appellant Cynthia Cheney. This is a disability insurance bad-faith case involving a claim for disability benefits under their own occupation policy that offered a legal specialty definition of disability in regular job. The issue before this court is the definition of regular job, how it's defined under the policy and under Arizona law. And the central question of the court's analysis I think is if Ms. Cheney's job duties as a trial lawyer changed due to her medical condition, is she entitled to benefits under her policy? Help me understand Mr. Dawson because it seems like there's a there was some confusion or some inability to agree on what her principal job position was. You just called a trial lawyer. I think the district court ended up saying she was a part-time general litigator. And then it looks like maybe the defendants, the life insurance company, was trying to categorize her in a different way. So what what do we do? I mean these insurance policies seem to be rather interesting because they're I guess intended for people who are disabled. So help me understand what is her how is her principal job determination? You know what what do we look at? It makes it seem from what I understand from the insurance company that we that we simply look at what she was doing the day before she declared that she was became totally disabled. And that and I'll ask the insurance company this but from reading their briefs that's what it looks like that they want us simply to focus on. But can you help me? Yeah absolutely your honor and that hits the nail on the head. There there was a lot of confusion that went into the court's ultimate decision here regarding Ms. Payne's regular job. So if you were to look at the insurance company's motion for summary judgment as opposed to the reply brief, you would see in there that they acknowledged that Ms. Cheney, I'm sorry that US Life, the defendant, acknowledged that Ms. Cheney consistently she filed a claim for disability from her occupation as a medical malpractice trial lawyer. And that she consistently claimed that was her that trial lawyer was her regular job and medical malpractice was her. And that is correct that that is what this claim was for. That is what the claims handling discussion with between the insurance company and Ms. Cheney and her former former counsel were discussing. The the issue of whether she was disabled from being a part-time litigator or mediator that was never that was never an issue. She never claimed disability from that occupation. That's that is what she did that's what she attempted to do. So what do we do I mean I think there's an attempt to argue that was harmless error that the district court found that she was a part-time litigator general litigator. What do we do if the district court you Absolutely not, Your Honor. It was the single determinative factor in the court's decision. The court held that based on the policy definition of this regular job being the job you were doing the day before disability began. And based on this conclusion about her date of disability she was a her regular job was a mediator and part-time litigator which she was doing before that her date of disability and after her date of disability and therefore she's not disabled. But let's talk about her date because it seems like there's issues on both tracks. One on what her job responsibilities are and then also on the date of her disability. She chose and apparently she was adamant that it was January 1st 2007. Should that have been the date that the insurance company you said it was or should they have looked at something else because I know that there's some discussion about the October 2005 being her last trial. Right. Why didn't she select that day? Well so she did, Your Honor. She absolutely did. And this was an ongoing between the insurance company. I'm having trouble hearing you Mr. Dawson. Can you get closer to your microphone? Yeah I apologize. This was an ongoing conversation between the insurance company and Ms. Chaney's attorney regarding her date of disability. In the record there there are numerous letters from Ms. Chaney's attorney to the insurance company providing a lengthy history of Ms. Chaney's decline or the decline in her health. With with Ms. Chaney's original claim submission she explained that 2004 I started suffering significant noticing significant symptoms from her various diagnoses. In 2005 I tried my last case. I tried to go part-time and then after that date she was winding down the goodness and unloading transferring clients. So this was the date of disability changed several times and Mr. German who is Ms. Chaney's former attorney he pointed out repeatedly that when someone suffers from a deteriorating condition a gradual progression pinpointing a date certain of disability is it's impossible. So what what they did was they tied the date of disability to her last trial which was in 2005 and there was that was incorrectly reported as 2006 but as defendant acknowledges they learned that it was actually in 2005 during the claim. It was never it was never an issue it wasn't a basis for the denial. First of all they there's nothing in any of the denial letters that suggests based on her date of disability she was a mediator and not a trial lawyer that that just wasn't part of the claim family wasn't a basis for denial. And and the reason for this confusion is because it was raised as argument was raised in the reply for the first time. It drastically changes the the landscape of this. I mean had this been a basis for denial not only would it not be a reasonable but a reasonable basis for denial it would support bad faith separately. It sees on to a date that the insurance company knows was selected as something that was why did it in an ongoing conversation purposes of determining her the start date of calculating her benefits not her regular job and use it seizing on that as an excuse to deny the claim by redefining her regular job that would that be a that'd be bad shape the This court has said in Amadeo that a person's occupation that isn't whatever they're doing the day before they become disabled and that in that case the claimant became disabled during a period of unemployment her regular job which was she filed her claim two years after she became disabled from her regular job and because she became disabled during a period of unemployment and the policy defined regular job as whatever you were doing the day before and became disabled her occupation was an unemployed person. Court said no that's not how we define occupation not only is that not reasonable but that supported bad faith in that case so I see that I have five minutes left I'd like to reserve everybody unless there are any other questions. All right counsel we'll hear from United States Life Insurance Company Mr. Mathura. Good afternoon yes good afternoon may it please the court my name is Jeff Mathura on behalf of US Life I want to focus on the facts that Ms. Cheney admitted in the record and during the summary judgment briefing because those admitted facts I believe the district court relied upon to reach summary judgment decision because there is a lot of confusion about date of disability last trial these are all litigated issues but here's what Ms. Cheney admitted during the summary judgment briefing number one she admits that her stated date of disability is 2007 unlike the Amadeo case where the carrier set the date of disability here US Life went on the date of disability that Ms. Cheney provided January 1 2007 she also admits that her last trial was October 2005 again it is correct there was some confusion she first said 2006 2007 we finally realized and she admits in the summary judgment briefing it was October 2005 we also have in the record her job duties as admitted by her her job duties from 2005 through the first section is from 2005 to January 1 2007 so what were her data what were her duties up to the date of disability and she tells us and she admits it's it's what the district court described as a part-time litigator and mediator she had transitioned over those it's not it's a year and a half or so from October 2005 to January 2007 she transitioned from being a trial lawyer to doing part-time litigation and mediation you then the final piece of this analysis is you then look okay what were her substantial material duties after the date of disability and again Ms. Cheney admits she was a part-time litigator and a mediator so when you when you when you take these admitted facts and you compare them to the definition of regular job the district court I believe correctly compared her substantial material duties between October 2005 in January 2007 and then her substantial material duties post 2007 and concluded that her substantial material job duties did not change and how what's that when you say you compare the duties do you compare the day before January 1 2007 and the day after it's how far back do you go and how far forward yeah that's a good question judge Murgi I wish I had better clarity for you in the policy language but but we don't have much the policy language says you look at the that which miss Cheney was performing on the day before disability began we did not take the position in this case and in the summary judgment briefing that you look at December 31 2006 the fact that she wasn't in trial on New Year's Eve didn't somehow form what you did take the position that it was December 2006 sometime in December of 2006 that that's correct judge I mean is there any basis to go back you know a year or judge Nelson it's not defined how far back you look but what happened in this case is we asked miss Cheney to help us figure out the answer to that question and she described for more than a year she had transitioned out of being a trial lawyer the last trial in October 2005 she said something to the effect of I'm done no more trials it's not an exact quote that's essentially what she said and then she transitioned a traditional trial lawyer practice to part-time litigation helping her partners with depositions covering a few witness preps and mediation she tried mediation for a while she defined that for us we didn't pick that out of her duties and say that's what you were doing she defined it for us with this a bit I mean let's say it was October of 2005 I mean did you look at that did you look at October 2005 and the trial work she just finished a trial apparently the next day and subsequently she didn't have another trial so I mean isn't it of the implied faith of fair dealing for for the insurance company to do that kind of examination I mean you know if not you know also does that spill over to bad faith if you didn't I'm not saying that I just it seems like it would be reasonable since you're the insurance company she's the one been paying premiums she's you're the one who defines ultimately whether she's disabled or not don't you have a responsibility to look at that and or and how can we say that as a matter of law that there's no question of material facts surrounding that when we have to look at everything in the light most favorable to her sure and judge Maria we did investigate these issues and it's in the record it's in the briefing starting on page 23 of our our responsive brief we talked about how we asked miss Cheney for her billing records going back to October 2005 we asked her for and forgive me I forget the technical name of the document but essentially list all of your trials that have occurred we get a better understanding we talked to her law partner he submitted an affidavit we tried we asked for her billable hours we asked her what kind of tasks she was doing we could actually look month by month this many hours in this month these tasks and we charted it over time so we did we we asked please provide us information to help us understand what your regular job was based upon the date of disability that she provided but what about this change in theory that you all had that you put in the reply brief yeah I think that's fair your honor but here here's how I look at it as you can probably tell and I think someone mentioned this earlier a lot of these were moving pieces and we take we use the phrase trial lawyer in the opening brief and then when we get miss Cheney's response and her admissions to our statement of facts it's now crystallized up for us what the real issue here is before the district court the facts in the record didn't change the facts in the record never changed from the motion to the response to reply it's the argument from those facts in the record that more crystallized or focus when we got to the reply the district court still had the same facts before him in the record but but the district court apparently you agree I thought you it was a part-time general litigator and you don't agree that that was the her job duty I guess which is what you have to look at no we do agree that based upon her admissions based upon and the admissions include not only her duties for her date of disability we do agree with the district courts conclusion and description of her job duties both and after that date of disability that she was a general part-time litigator and not a trial correct that she had transitioned over that year and a half from a trial lawyer to a part-time litigator slash mediator so then that's so that's I guess I'm trying to figure out because the the policy puts a lot of and so I'm just trying to figure out it let's say she was if we're looking at the October 2005 and she's the you know the trial lawyer I'm trying to figure out how how is that the same as the general part-time litigator or she's working you know on trials and I guess maybe a little aspect of this also deals with the quality and quantity of her work I'm just having a hard time trying to appreciate how that doesn't matter when you're looking at what we have to look at here and having to decide this as a matter of law sure I'd be happy address that your honor and this is this is an interesting case for all of us we're all lawyers we all understand how a practice can change and you might not have a trial for a year but still be a quote-unquote trial lawyer or you might be a mediator and do one mediation and so I understand that there are many facts at play here that might form this issue what we did is we she called herself a initially a trial lawyer we then asked her for information about her trials and she it was a little bit confusing at first she gave us the wrong date we had to follow up with an interview but eventually we settle on October 2005 as her last trial we then asked her for like I said billing records hours work tasks completed etc from that date up through the data disability that she claimed now she had claimed a day of disability of October 2005 maybe we have a different story here she claimed January 2007 no but so that's an interesting point though so why I mean why don't you have an obligation as the insurance company I know you didn't pick the date for her which distinguishes this case from the other one that you decided but why don't you have an obligation based on being the insurance company to help her understand and what the decide what the date was why didn't you as the representing the insurance company say hey that you know you know the better date here is probably October 2005 and then let's go from there yeah I think that's a good that's a fair question judge Mardia and here's the response number one let's not forget that miss Cheney is represented by counsel insurance company is actually speaking to counsel for miss Cheney and and he's providing information about when her day of disability is now you might suggest well insurance company you should somehow independently look into this issue as well and I would suggest to judge that they did that's why they're asking for give us a list of all of your trials tell us the dates tell us the length give us a list of all of your job duties how many hours did you work every month for these X number of years they're trying to learn what you just said mr. mature yourself that if we've been looking at October 2005 in the trial this might be different and I'm curious why why not look at that in the first place in light of what your obligations are under the good faith and fair dealing especially if we're looking at this as a matter of law is there not seems like there's all kinds of questions of material back that surface and in light of all the different disputes I just want you to assure me why we can say that this affirmed the summary judgment well here sure your honor the reasons because ultimately the insurance company has to go with what the insured wants to do how they want to proceed miss Cheney through and and her lawyer were adamant that it was January 1 2007 we investigated 2005 we focus on 2006 for a while they settled and they chose January 1 2007 not only during the claim process but during the lawsuit so ultimately the insurance company is looking at everything right taking all the information in we got information about 2005 got information about 2006 and they settle on 2007 and we have to give that we have to they have to have some responsibility here they chose the date of disability no I understand that but it'd be one thing if they didn't mention at all the October 2005 date that she was her last trial and there was a lot of discussion about whether or not you know and she said she was a trial attorney I just trying to figure out what's the precedent here on why it's so clear that we you would have gone with that date and I understand she was adamant about it but I just someone even if they're represented could be about the date yeah it's quietly or just you know it's like oh we're investigating this it looks like this is the other day does that violate him and she did file that in her complaint they're probably coming up good things in their deal your honor I might draw a little bit of a distinction for you maybe this helps maybe it's maybe it doesn't but if the argument before the date of disability is January 1 2007 and miss Cheney arguing no no it's on it's October 2005 and the district court had to make and the district court had ruled in our favor and made some other credibility determination or based upon the facts whatever the basis would have been if it was one of those competing interest type situations I think that fits where your mind is going where I think this case is very different is what I've said already here a few times I'm sorry for repeating myself but ultimately before this district court were admissions by miss Cheney and so we don't have a disputed issue of material fact about her disability date she admits it we don't have a disputed issue of material fact about her duties before and after that date she admits it I think that's where this case is a little bit different than what you were perhaps thinking and so these policies I mean with respect to degenerative diseases how often and you know it seems like they're not very kind to general diseases is that I mean is it just would have been what would have been the scenario for her to recover you know your honor there's a there's a residual disability benefit provision in this policy there are other options for her at the end of the day she chose to apply for total disability benefits under her policy with the advice of her counsel she chose what coverage and that policy to apply for it's not the insurance companies are not in the business and it's just not reality frankly to be saying okay you want to apply for coverage a but we would rather you apply for coverage BCD or E under your policy at some point in time there has to be some responsibility on the insured to say this is what I'm applying for a partial disability she would have possibly been a candidate yeah and your honor and all candidness we haven't analyzed that issue to its end but there's the point I want I guess maybe the takeaway from this is there are different coverage provision within her policy and she chose to apply for total disability and unless there's any other questions I will give you back 35 seconds of your day we appreciate it thank you counsel rebuttal yes thank you so a few points that I'd like to follow up on first of all the comment that insurance companies aren't in the business of helping insurers decide how or what benefits to pursue under their under their policy that position is contrary to Arizona law under Nardelli the insurance company has a an obligation to help the insured understand benefits to which she is entitled under the policy here that would that would mean had the date of disability been an issue in with respect to defining her regular job do not explain that to her to miss Cheney would be withholding information about policy about benefits she's entitled to under the policy and but she was represented she's a lawyer and she was represented she's a lawyer and she was represented yes but defendants place no authority for the proposition that the fact that she was a lawyer or that she was represented somehow changes their duty of good faith but how would the duty of good faith be be violated if she set the date of disability so your honor she did not set her date of disability as January 1st 2007 in the way that it it started being used for the first time in the reply brief the in the record the letter in which mr. German miss Cheney's former attorney offered that date as it as a quote date of disability he explains in there first of all it's in the context again explaining her decline in in health from 2004 onward and he offers 2014 with the explicit understanding that this is for determining there's no question about her disability from being a trial lawyer but this is for and so he offered this date really as a compromise it was you know they're going back and forth about the specific date of disability which from the initial claim application to multiple letters from her attorney explaining the history that thereafter that her date of disability was tied to her last trial and they knew that last trial was in 2005 so counsel even if it were a rely on that day once it was selected by the attorney and by the claimant well a couple of reasons your honor number one date of disability it's not a defined term in the policy it has it's it's not a it has no contractual significance the term alone nothing was the insurance company never suggested that the date would be used to define her regular job and it knew that the disability that the occupation she was claiming disability from was full-time trial work now the well but it's important because we have to look at the day before that date to determine what her job was at that point right so again in the letter the way that that date was offered was used was as a as a start date to calculate her benefits the policy defines regular job as the day before disability began not not the day before the date of disability chosen by the insured that's not in there and in fact there are several places in the record both in deposition testimony from the claims adjuster to the insurance company's own that explicitly says the date of disability can be a moving target with these types of conditions and if you find information suggesting that the date offered by an attending physician or by the insured is incorrect you might need to backdate that date of disability which just goes to show this really it's it's a non-issue I mean it the question has always been was she disabled from her job as a full-time trial attorney and the argument had been that no she's not disabled because she can do most of the things she used to do and she rarely went into trial so it's no big deal that she switched to part-time work as she can still do the occasional deposition and such it had never been her regular job as defined under the policy was not that of a trial lawyer but a mediator or something other than a full-time trial lawyer that just wasn't an issue it was it was raised in the reply for the first time Latin the last thing I would like to mention about this admission in summary judgment briefing there was up there was one statement of facts that the court that the defendant seized on in the court adopted as really the foundation for its opinion where the stated that miss Cheney is not claiming an earlier date of disability in this lawsuit undisputed but under the section with the subheading miss Cheney's regular job there were various statements of facts that plaintiff contested and one in a great detail explaining that her disability began in 2004 was tied to her trial in 2005 there there are several other statements of fact that are far more substantive and detailed than that one statement of fact all right thank you counsel thank you to both counsel the case just argued is submitted for a decision by the court that completes our calendar for today we are in recess until 930 a.m. tomorrow Alaska daylight time
judges: Rawlinson, Murguia, Nelson